# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DWAYNE ANDREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-CV-2045-HEA |
| | ) |
| KEITH SCHAFER, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Dwayne Andrews for leave to commence this action without payment of the required filing fee [Doc. #2]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Furthermore, having reviewed the amended complaint [Doc. #11] and as set forth below, the Court will (1) order the Clerk to issue process as to defendants Keith Schafer, Felix T. Vincenz, Mark Stringer, Laurent D. Javois, Sylvia P. Adams, H.A. Mannich, and Roy Wilson in their individual capacities; (2) dismiss this action without prejudice as to defendants "as-of-yet Unknown Employees"; and (3) grant plaintiff's attorney's motion for

admission pro hac vice [Doc. #10].

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Amended Complaint

Plaintiff seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are the following current or former employees of the Missouri Department of Mental Health: Keith Schafer, Felix T. Vincenz, Mark Stringer, Laurent D. Javois, Sylvia P. Adams, H.A. Mannich, Roy Wilson, and "as-of-yet Unknown Employees." Plaintiff allege that he was committed to the care and

2

custody of the State of Missouri in 2005, after being found not guilty by reason of insanity or mental defect. Plaintiff further states that "by 2010," an independent psychiatrist examined him and found no continuing evidence of mental illness or defect; however, defendants unconstitutionally refused to release plaintiff for two more years. Plaintiff is suing defendants in their individual capacities for his allegedly unlawful and unjustified detention.

## Discussion

Plaintiff's claims against defendants Keith Schafer, Felix T. Vincenz, Mark Stringer, Laurent D. Javois, Sylvia P. Adams, H.A. Mannich, and Roy Wilson in their individual capacities are sufficient to proceed at this time.

The amended complaint is, however, legally frivolous as to the "Unknown Employees." In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations sufficiently specific to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the amended complaint does not contain specific allegations that would permit the identity of the unknown employees to be ascertained after reasonable discovery. These particular "John Doe" defendants are both unidentified and

3

indeterminate in number.  This is not permissible.  *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). At this time, therefore, the Court will dismiss defendants Unknown Employees without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. # 2] is **GRANTED**.  *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the motion for admission pro hac vice of plaintiff's attorney, Mr. Beau B. Brindley, [Doc. #10] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the first amended complaint as to defendants Keith Schafer, Felix T. Vincenz, Mark Stringer, Laurent D. Javois, Sylvia P. Adams, H.A. Mannich, and Roy Wilson in their individual capacities.

**IT IS FURTHER ORDERED** that, as to defendants "as-of-yet Unknown Employees," the Clerk shall not issue process or cause process to issue, because the amended complaint is legally frivolous and fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of January, 2014.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**